May Term,
1860.

THE BOARD
OF COMMIS-
SIONERS, &C.
v.
KIEROLF.

THE BOARD OF COMMISSIONERS OF MARTIN COUNTY and
BROOKS *v.* KIEROLF and Others.

The county auditor is authorized by statute to make a special contract with
the proprietor of a newspaper for the publication of the delinquent list; and
the county board, in making an allowance for such publication, must be gov-
erned by the amount which the auditor has agreed to pay.

And if an appeal be taken, upon the affidavit of a person aggrieved by such
allowance, it cannot be proved upon the trial that the list could have been
published for an amount less than the allowance.

*Monday,*
*June 4.*

APPEAL from the *Martin* Court of Common Pleas.

DAVISON, J.—This was a proceeding by the appellees
before the county board, to obtain an allowance for pub-
lishing the delinquent list for the year 1856. The follow-
ing is the cause of action:

"*December* 5, 1857. County of *Martin,* to *Kierolf, Shire-
liff,* and *Pfieffer,* debtor: To publishing in *Weekly Comet,*
for four consecutive weeks, two hundred and seventy-three
tracts of land, advertised for non-payment of taxes for
1856, at 75 cents per tract ................$202 75"

Upon the filing of this claim, the board made an order
whereby they allowed it.

After this, on the 10th of *December,* 1857, one *Thomas
J. Brooks* filed an affidavit wherein he alleges that he is
aggrieved at a decision made by the board of commission-
ers, making an allowance to *Kierolf, Shireliff,* and *Pfieffer,*
for 202 dollars, 75 cents, for publishing delinquent list for
1856, he being interested as a citizen and tax-payer of
*Martin* county. And having executed the requisite bond,
he took an appeal to the *Martin* Court of Common Pleas.
In that Court, the plaintiffs moved to dismiss the appeal
on the ground that the affidavit was insufficient; but their
motion was overruled, and they excepted. The cause was
then submitted to a jury, who found for the plaintiffs 202
dollars, 75 cents; and the Court having refused a new
trial, rendered judgment, &c.

During the trial, the plaintiffs produced *Richard C. Ste-
vens,* the auditor of *Martin* county, who, over the defend-

May Term, 1860.

THE BOARD OF COMMIS- SIONERS, &c.

v.

KIEROLF.

ants' objection, testified that he contracted with the plaintiffs for the printing of the delinquent list of said county for the year 1856; that the contract price was 75 cents per line, and that the number of lines contained in the list furnished by him to the plaintiffs would amount to 204 dollars; that there are embraced in the list several tracts of land, say ten to fifteen, which were not returned delinquent; but witness has agreed to pay the expense of advertising these tracts, as they were advertised through his mistake, and he was satisfied with the list as published.

*James Wilkins,* who was produced by the defendant, testified that he was a practical printer; that the list, as published in the *Comet,* is not done in a workmanlike manner; but is done as well as is generally done by country papers in this state, and is as well executed as could be done by plaintiffs' printing materials. Defendant then offered to prove by this witness, that a reasonable compensation for printing the list in question would not exceed 25 cents per line; but his offer was resisted by the plaintiffs, and refused by the Court, on the ground that a special contract between them and the auditor, as to the price of printing the list in the *Comet,* was proved to have been made.

The refusal of this offer raises the only question in the case.

By an act of 1852, the county auditor is required to make out a copy of the delinquent list in his county, and cause it to be published for four weeks successively, once in each week, in some newspaper having general circulation in his county, if any there be, or he may have the same printed in handbill form, if it can be done cheaper than to publish the same in a newspaper. 1 R. S. p. 137, §§ 142, 143.

These provisions seem to admit the construction indicated by the decision of the Common Pleas. The auditor, as has been seen, is required to publish the list in a newspaper, and this requirement, it seems to us, involves the power to settle the price of such publication by a special contract; otherwise it is difficult to perceive how the various provisions of the statute, in respect to the collec-

May Term,
1860.

tion of delinquent taxes, can be effectively carried out. These taxes, with the cost of advertising, may be paid at any time before the land advertised is sold. *Id.* p. 136, § 136. And how could the collecting officer know the entire amount due from the tax-payer, unless the amount to be paid for publishing the list is definitely fixed by contract? We know of no authority to make such contract, other than that involved in the duty of the auditor; and the result is, the county board, in making an allowance for such publication, must be governed by the amount which he has agreed to pay.

It follows that there is no error in the ruling of the Court, and the judgment will, therefore, be affirmed.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages, and costs against *Brooks*.