No. 1,714.

## BOARD OF COMMISSIONERS OF WASHINGTON COUNTY *v*. KEMP.

COUNTY.—*Public Printing.*—*Sufficiency of Claim.*—*County Commissioners' Allowances.*—A claim presented to the board of county commissioners for publishing a specified number of allowances at 3 cents per line, instead of per allowance, is not insufficient, where the total charge shows that the amount charged was 3 cents for each allowance.

SAME.—*Public Printing.—Contract.*—The proper officer may contract for the cost of printing allowances at less than 5 cents per allowance, under section 7852, R. S. 1894, requiring the publishing of allowances at a cost not to exceed 5 cents for each allowance.

SAME.—*County Auditor.—Publication of Commissioners' Allowances.*—The county auditor, and not the board of commissioners, is the proper officer to contract for publication of the list of allowances made by the commissioners, under section 7852, R. S. 1894, providing that the auditor shall be required to publish such allowances in a newspaper.

From the Washington Circuit Court.

*J. H. Masterson, D. A. Jennings* and *Elliott & Hostetter,* for appellant.

*H. Morris,* for appellee.

REINHARD, J.—The appellant filed with the board of commissioners of Washington county, the following claim:

"WASHINGTON COUNTY, INDIANA.

"To J. A. KEMP, Dr.

"1894, December 21st, to publishing 198 allowances of board of commissioners for December term, at three cents per line, as ordered and contracted for by V. T. Reid, auditor of Washington county, $5.94.

(Copy attached), Commissioners' Allowances."

Following this account is the list of allowances made by the said board at the regular December session, and the special sessions after December 13, 1894. There are 198 allowances, which, at three cents for each allowance, aggregates $5.94.

In the circuit court a demurrer to the complaint was overruled, and this ruling constitutes the first assignment of error.

It is insisted by appellant's counsel that inasmuch as the statute under which this claim is filed, provides that the cost of the printing shall not exceed five cents for

each allowance, the averment that the price is three cents per "line," renders the complaint bad on demurrer.  We do not think so.  The expression "three cents per line," is manifestly a clerical error.  What the pleader evidently means is three cents per allowance, and not three cents per line.  This, as we have shown, is apparent from the fact that there are 198 allowances, which, at the rate of three cents, would amount to the exact total charge contained in the complaint, viz: $5.94.

The statute under which this publication was had, provides that the auditor of the county shall be required to publish in a newspaper of general circulation in his county, within ten days after the adjournment of the session of the board of commissioners making allowances, a statement showing all allowances made by the county commissioners at each term of their court, etc., provided that the cost of the printing thereof shall not exceed five cents for each allowance.  Section 7852, R. S. 1894.  This leaves it discretionary with the proper officer to contract for the cost of the printing at a rate less than five cents for each allowance.  While five cents is the maximum amount the printer has a right to charge, there is no rule of law that requires the auditor to agree to pay that amount if he can obtain the same at a smaller price.  As this is the only objection urged to the complaint, there is no reversible error in overruling the demurrer to it.

.The second assignment of error calls in question the sufficiency of the defendant's answer to the plaintiff's complaint, to which answer the court sustained a demurrer.  The substance of the answer is that the list of allowances referred to in the complaint was printed and published by the plaintiff pursuant to a contract entered into between him and one Volney T. Reid,

auditor of Washington county, Indiana; that said printing was not ordered or contracted for by the defendant, and that defendant never agreed to pay for the same; that at the time said printing was contracted for as aforesaid, there was in full force and effect a contract made by the defendant with one David A. Jennings, a regular printer and publisher of the Salem Democrat, a newspaper of general circulation in said county, printed and published therein, for the printing and publishing of said list of allowances, at a rate not exceeding five cents for each allowance; that said contract was in writing, and was duly signed by the said parties thereto, and entered of record in the proceedings of the board of commissioners, on the 20th day of November, 1894; that said Jennings was at the time, and has been ever since said date, ready and willing and prepared to carry his contract into effect, and to execute the work as agreed upon; that said Reid had full knowledge of the existence of said contract with said Jennings, but that, in total disregard of the same, he ordered and contracted for the printing and publishing of said list of allowances, as set forth in plaintiff's complaint.

The ruling of the court upon the demurrer to this pleading raises the question whether it is the duty of the auditor or the board of commissioners of the county to contract for the publishing of the list of allowances made by the commissioners.

It is the appellant's contention that because the board of commissioners had entered into a contract for the publishing of allowances, which contract was in writing and entered of record, and of which the auditor had full notice, the latter was bound to respect it and abide by it. Counsel for appellant argue, in this connection, that the various acts concerning county commissioners

and their duties as fiscal agents of the county, when construed together, give the board a paramount right to make such contracts, by which the auditor and all other persons are bound.

We do not think the position assumed by appellant's counsel is tenable. The act conferring upon the county auditor the duty of having the list of allowances published is entirely disconnected from any enactment upon similar subjects concerning the duties of the county commissioners. The act of letting the county printing, or any portion thereof, is a ministerial or administrative act, and may be performed by any ministerial officer of the county to whom such duty has been entrusted by the Legislature. *Board, etc.*, v. *Gillies*, 138 Ind. 667; *Platter* v. *Board, etc.*, 103 Ind. 360; *City of Valparaiso* v. *Gardner*, 97 Ind. 1.

Even if the duty had previously been enjoined upon the board of commissioners by express statute, we see no good reason why the Legislature could not by a later statutory provision relieve the board of such duty and confer it upon the auditor.

The statute cited, section 7852, *supra*, is the only one relating to the subject of publishing the allowances of the board of commissioners. It makes full provision as to who shall perform this work, and we see no cause for resorting to other statutes and seeking for authority by construction, when the same has been expressly conferred by the terms of this one, and it is not contended that such express power has been granted to any other officers by any other statute.

Moreover, the county commissioners are by no means the only contracting agents of a county, nor have they unlimited control over the county finances. Their powers in that respect are, after all, only statutory, and it is difficult to understand why similar or concurrent

authority cannot be bestowed upon other officers. *Nixon* v. *State, ex rel.*, 96 Ind. 111 ; *Moon* v. *Board, etc.*, 97 Ind. 176.

Indeed, in one of the cases cited by appellant's counsel, it is decided that the duty of publishing the allowances of the board of commissioners is conferred by statute upon the county auditor, and that when the contract is entered into by that officer, the printer can collect the charges therefor, not exceeding five cents for each allowance. In such a case, the auditor has performed his full duty when he has seen that the publication has been made. The duty of allowing the printer his pay devolves upon the board of commissioners. *Bush* v. *Board, etc.*, 121 Ind. 420.

If the commissioners are the proper persons to decide in what newspaper the list of allowances shall be published, by making a contract therefor with the publisher of such paper, then the provisions of the statute making it the duty of the auditor to have such publication made are utterly futile, and could not have been made with any purpose in view. If it be said that the auditor's duty is only to see that the publication is made after the commissioners have decided in what paper the publication shall be inserted, we answer that the statute does not so provide. It is there expressly laid down that he *"shall be required to publish"* the statement of the allowances. It is for him and not for the board to select the medium of publication, and when he has performed that duty, it is incumbent on the board, if the work has been done in a legal manner, to allow the publisher the proper compensation as fixed by the same statute.

A statute requiring the county auditor to publish the delinquent tax list has been similarly construed. It

was there held that as the auditor is required to publish the list, the authority carries with it also the power to settle the price by special contract. *Board, etc.,* v. *Kierolf,* 14 Ind. 284.

The language of the act of 1865, providing for the publication of the delinquent list (3 Davis Stat., page 518, section 143), is very similar to that employed in the act of 1875, as amended by the act of 1893 (section 7852, *supra*). In the act first named the language is, that the auditor "shall cause a copy of such list to be immediately published." The language of the two acts is so similar as to admit of no material difference in meaning, and a construction of the one may be regarded as authority for similar construction of the other.

The construction placed upon the delinquent tax list statute was made so soon after its enactment as to amount to a contemporaneous construction which, according to Coke, "*est fortissima in lege.*" 2 Coke Inst., 11. Such an exposition, after long acquiescence in the same by legislative or judicial decision, is generally regarded as the best construction. It gives the sense of the community as to the terms made use of by the Legislature. If there is ambiguity in the language, the understanding of the application of it when the statute first goes into operation, sanctioned by long acquiescence on the part of the Legislature and judicial tribunals, is the strongest evidence that it has been rightly explained in practice. A construction, under such circumstances, becomes established law. Suth. Stat. Constr. section 307.

This interpretation of the delinquent tax statute has never been questioned, to our knowledge. It must be accepted, therefore, as the settled law that upon the county auditor solely rests the duty of publishing the

delinquent list, and, by analogous reasoning, it must be held that he alone is authorized to publish, or cause to be published, the list of allowances made by the board of commissioners. In such cases the statute must be strictly pursued. Thus a statute requiring the county commissioners to publish their receipts and expenditures, means that the board of commissioners and not the auditor is to cause the publication to be made. *Brown* v. *Board, etc.,* 5 Ind. App. 75.

Where the duty is expressly conferred upon a designated officer, no other officer or set of officers have the power to discharge such duty. Of course the rule might be different in case the proper officer fails to discharge the duty devolving upon him. But when, as in the present case, he has performed such duty, the board of commissioners cannot legally refuse to make the statutory compensation for the work done by the person so designated by the officer.

In this case, we think the court placed the proper construction upon the statute involved, and committed no error in ruling upon the sufficiency of the answer.

Judgment affirmed.

Filed March 24, 1896.