## WALKER *v.* THE BOARD OF COMMISSIONERS OF HAMILTON COUNTY.

[No. 2,437.    Filed April 5, 1898.]

HIGHWAYS. — *Improvement.* — *Publication of Notice of Election.* — *County Not Liable.* — A county is not liable for the cost of the publication of notice of an election under the act of 1893 for the improvement of highways, section 6924 *et seq.*, Burns' R. S. 1894 (Acts 1893, p. 196).

From the Hamilton Circuit Court.    *Affirmed.*

*J. F. Neal* and *S. D. Stuart*, for appellant.

*Thomas J. Kane* and *Ralph K. Kane*, for appellee.

BLACK, J.—By an act of March 3rd, 1893, Acts 1893, p. 196, section 6924, Burns' R. S. 1894, *et seq.* (some amendments of which, that need not be further mentioned, were made in 1895), provision was made whereby the improvement, by specified methods, of roads in designated localities might be effected.    In the first section it was enacted, that the county commissioners, when petitioned therefor by fifty freeholders, citizens of any township or contiguous townships in the county, including therein any incorporated town or city of less than thirty thousand inhabitants, etc., wherein any road was to be improved as there specified, should submit to the voters of such territories, at any regular spring or fall election, or at any special election which might be called by the board when no spring or fall election was near at hand,

giving at least twenty days' notice in a newspaper of general circulation published in the county, etc., and by posting up written or printed notices thereof, in each voting precinct in said township or townships, town or city, the question of building such road or roads in such township or townships, etc. Among other things it was provided in said first section, that if at such election the majority of those voting were in favor of building such road or roads, the commis-sioners should at once proceed to the construction of the same, but not otherwise; also, that after the filing of such petition, and before the election upon such question should be advertised, it should be the duty of the board to appoint a surveyor or engineer, or both, and two viewers, whose duties were prescribed, and that such viewers should at the next term of the board report, etc., and that the report should be pub-lished in full in some newspaper of general circula-tion, published in such county, for at least four con-secutive weeks preceding such election, and that written or printed copies of the report should be posted in each of the voting precincts of said town-ship or townships, etc., "and it shall be the duty of the board of commissioners to submit the question to the voters as above provided." It was enacted at the end of this section, "that the petitioners shall pay all costs of election."

By the fifth section provision was made for raising the money to pay for the construction, by the issue of the bonds of the county. By the sixth section pro-vision was made for raising money to meet said bonds and interest thereon by the levying by the county board of a special tax upon the property of the town-ship or townships, including the towns and cities, etc. By the seventh section it was made the duty of the trustees of the townships to levy a tax to cover the

expense of maintenance. Section eight provided for the payment of the surplus of taxes for construction to the township trustee, to be by him kept and used as a fund for the maintenance of such roads in his township. Section 9 was as follows: "The compensation of persons employed under this act shall be, as to the two viewers, chain-carrier, rodman and one marker, not to exceed two dollars per day and actual expenses for time employed, and the surveyor or engineer so employed shall not exceed three dollars and fifty cents for each day actually employed in the discharge of his duty; all such expenses to be paid out of the gravel road repair fund of said county if not otherwise provided for by the board of commissioners." Other provisions of the statute need not be cited for the decision of this cause, which was an action brought by the appellant against the appellee. The court below sustained a demurrer to the complaint for want of sufficient facts.

The complaint showed that more than fifty freeholders, citizens of Adams township, Hamilton county, petitioned the appellee, in March, 1894, as provided for in the first section of said statute, and that the board took action as in that section directed, including the approval of the petition and the appointment of the surveyor and viewers. It was also shown that the viewers made their report, and that the county auditor pursuant to the order of the board caused to be published the notice of the election to be held on the 4th of August, 1894. The complaint showed at length the publication of said notice of election and of the report of the viewers in the "Hamilton County Ledger," a weekly newspaper of general circulation, printed and published in said county, as required by said first section; that the appellant was the pub-

Walker *v.* The Board of Commissioners of Hamilton County.

lisher and owner of said newspaper; that he made said publication therein at the special instance and request of said board of commissioners, the reasonable value of the publications being alleged to be $392.50, which was due and payable, etc.; and that no provision for payment of the account was made by said board, to which it had been presented, and by which it had been disallowed. The appellant demanded judgment for $500.00, and for an order of the court for the payment of said claim out of the gravel road repair fund of said county, and for all proper relief.

The services rendered by the appellant were valuable, and the appellee caused the rendition thereof, having authority under the statute to order the publications. It is claimed on behalf of the appellant that the obligation to pay for the services is placed by the statute upon the county, but we are unable to find in the statute such a provision. The portion upon which alone counsel for appellant rely is the ninth section, the terms of which we have set out. It seems sufficiently manifest that the expenses provided for by that section are only those for the services of the persons therein particularly designated. It is stated in the briefs that the court below regarded the expenses for the publications made by the appellant, as covered by the provision at the close of the first section, "that the petitioners shall pay all costs of election." We consider the statute capable of such construction.

While the statute is not as definite and perspicuous in some respects as might be desired, we are of the opinion that the court adopted the intention of the legislature as manifested in the entire enactment. The judgment is affirmed.