ALF. Q. WOOSTER, Appellant, v. MAHASKA COUNTY.

**Official Paper:** COMPENSATION. Code, section 441, simply fixes the maximum compensation to be paid for the publication of the proceedings of a board of supervisors and the board may provide a less compensation, which, if accepted by a publisher, will discharge all liability of the county therefor.

*Appeal from Mahaska District Court.*—HON. W. G. CLEMENTS, Judge.

THURSDAY, JANUARY 21, 1904.

THE plaintiff was the publisher of the Oskaloosa Weekly Journal, and in January, 1900, he made a written application for the selection of that paper as one of the official papers of the county for that year. At the January session of the board of supervisors the following action was taken and duly recorded: "On motion, the Oskaloosa Herald, Oskaloosa Journal, Oskaloosa Times, New Sharon Star, and Saturday Globe be declared the official papers to publish the board proceedings for the year 1900, at not to exceed twenty cents per square, for each paper publishing such proceedings. Thinking to serve the best interests of the people of the county, same was carried by a unanimous vote of the board." Thereafter, and before any of the board proceedings were published in the Journal, the plaintiff was notified that the paper had been selected as one of the official papers of the county, and was shown the record of such selection. He published the proceedings of the board during the year, accepted pay therefor at the rate of twenty cents per square—under protest, as he says—and brought this action to recover of the county the difference between the total sum received by him and what the publishing would have amounted to at the rate of thirty-three and one-third cents per square. The case was tried to the court, and a judgment rendered for the defendant. The plaintiff appeals.—*Affirmed.*

*Carver & Wooster* for appellant.

*James A. Devitt* for appellee.

SHERWIN, J.—The pivotal question in this case is whether section 441 of the Code of 1897 fixed the compensation of official county papers at thirty-three and one-third cents per square absolutely, or fixed that sum as a limit beyond which the board could not go, and gave it the power to contract that the work be done for less. We are clearly of opinion that the statute was not intended to provide for a fixed and absolute amount. The language is, "and the cost of such publication shall not exceed thirty-three and one-third cents." This clearly fixed a maximum limit to the cost of publication, and quite as certainly left it to the discretion of the board as to what should be paid within this limit. This not only appears plain from the wording of the statute, but it seems to have been the construction placed upon the language by a subsequent Legislature, for the words "not exceed" were stricken from the section, and the word "be" inserted in lieu thereof by chapter 22, page 11, Laws 29th General Assembly. It is true, the law provided that certain papers should be designated as the official papers of the county, and this without any discretion on the part of the board; but neither the Legislature nor the board could compel any paper to publish the proceedings, no matter what compensation might be fixed therefor, and, if the plaintiff was not satisfied with the rate fixed by the board, he was under no obligation to do the work. If no rate had been fixed in advance, the plaintiff would only be entitled to reasonable compensation, not exceeding the limit fixed by the statute. The board having the power to fix the rate within the statutory limit, and the plaintiff having accepted its action in the matter and acted thereunder, he has no just cause of complaint. It is unnecessary to discuss the rulings on the introduction of evidence.

The judgment is AFFIRMED.