## BUTLER *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF LAWRENCE.

### [No. 22,144.   Filed April 26, 1912.]

1. NEWSPAPERS. — *Public Printing.—Compensation.*—Under §6015 Burns 1908, Acts 1899 p. 415, providing that the cost of printing the allowances made at each term of a circuit, superior, criminal, or commissioner's court, shall not exceed five cents for each allowance, and §10355 Burns 1908, §184 Acts 1891 p. 199, providing that the expense of printing the list of lands returned delinquent for taxes shall not exceed twenty cents for each description, the printer is only entitled to the reasonable value of his work within the statutory limit, in the absence of an agreement fixing the compensation. p. 444.

2. COUNTIES. — *Claims.—Allowance.—Acceptance of Amount Allowed.*—The acceptance by a claimant against a county of the amount allowed by the board of commissioners, though the allowance is less than the amount claimed, is a waiver of the right to insist on the payment of the balance rejected. p. 445.

3. HIGHWAYS.—*Construction.—Publication of Notice.—Liability.*— Where the special findings of the court were that a petition was filed for the construction of a road under §7719 Burns 1908, §70 Acts 1905 p. 521, and that notice of such petition was published in plaintiff's newspaper, but that the road was not constructed and there being no finding showing why the road was not constructed, or showing affirmatively that the county was liable, the court did not err in its conclusion of law thereon that plaintiff had no right of recovery against the county, since such petition may have been dismissed at the costs of petitioners under §7715 Burns 1908, §66 Acts 1905 p. 521. p. 446.

From Lawrence Circuit Court; *James B. Wilson,* Judge.

Action by Charles P. Butler against the Board of Commissioners of the County of Lawrence. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1399 Burns 1908, Acts 1901 p. 565.) *Affirmed.*

*McHenry Owen,* for appellant.
*Brooks & Brooks,* for appellee.

MORRIS, C. J.—Appellant sued appellee in the circuit court on a printing account. The complaint was in four paragraphs, to which appellee demurred. The demurrer was overruled, and appellee answered in three paragraphs consisting of general denial, payment and set-off. There was a trial by court, including special findings of fact, and conclusions of law thereon. The court concluded, as a matter of law, on the facts found, that appellant had no right of recovery, and rendered judgment for appellee.

The errors assigned here by appellant are in the lower court's conclusions of law.

The special findings show that appellant was the owner and publisher of a weekly newspaper at Bedford in the years 1905, 1906, 1907 and 1908, and during that time, pursuant to the direction of the county auditor, published in his newspaper, from time to time, various lists of allowances made by the board of commissioners and by the circuit court; that after publishing each list, appellant filed with the board his duly verified claim for publishing the same, at the rate of five cents for each item of allowance. These claims were duly considered by the board, which made allowances on the claims of two and one-half cents for each item of allowance published, and refused to allow any additional sum, and afterwards appellee drew from the county treasury the amount of each allowance made by the board, and still retains the same.

The same lists of allowances were published in another newspaper, of different politics, in said county, and the board allowed it, on claims for the publications, at the rate of two and one-half cents for each item of allowance published, and the same was paid.

The court further found that during the years 1904, 1905, 1906, 1907 and 1908, pursuant to the direction of the county

auditor, appellant published in his newspaper various lists of real estate in the county on which taxes were delinquent, and after the publication of each list appellee filed with the board his verified claim for an allowance, at the rate of twenty cents for each description of real estate published. The board considered each claim, and allowed appellee thereon the sum of ten cents only for each description of real estate published, and refused to make any greater allowance, and afterwards appellee drew from the county treasury the various allowances made by the board and retained the same.

Like lists were published in another newspaper, in the county, of different politics, for the publication of which, there was allowed and paid the sum of ten cents for each description of real estate so published.

On June 29, 1907, there was filed in the auditor's office of Lawrence county, a petition signed by more than fifty freehold voters of Pleasant Run township, petitioning the board, under the second proviso of §70, of the act approved March 8, 1905 (Acts 1905 p. 521, §7719 Burns 1908), to construct a road, known as the Heltonville and Clear Spring road, connecting two free gravel roads, theretofore constructed. The length of the proposed road was to be two miles.

The auditor caused notice of the pendency of the petition, and the date of the hearing thereof, to be published in appellant's newspaper, on July 4 and July 11, 1907. The notice comprised ten squares of space in the newspaper. The road was never constructed.

On July 28, 1908, appellant filed a claim for the above publications, praying an allowance of $15. The board afterwards considered the claim and disallowed it.

In its special findings the court made no finding as to the value of any publication made by appellant.

On August 11, 1908, appellant commenced this action by

filing his complaint in the office of the clerk of the Lawrence Circuit Court.

The complaint, among other things, alleges the publication of the same items of lists of allowances, set out in the special findings, and demands judgment on the basis of five cents for each item in the list of allowances published. It also alleges the publication of the same delinquent tax lists set out in the findings, and demands judgment, on the basis of twenty cents for each description of real estate. It also alleges the publication of the road notice set out in the special findings, and demands judgment therefor in the sum of $15. It is alleged in the complaint that each item of publication made by it was of the value for which judgment is demanded. It is not alleged that any publication was made for an agreed price.

Section 1 of the act of March 4, 1899 (Acts 1899 p. 415, §6015 Burns 1908), provides "that the auditor of each county in the state shall be required to publish in a newspaper of a general circulation in his county, within ten days after the adjournment of any term of circuit, superior, criminal or commissioners' court, all allowances made by the regular or special judges thereof, and by the board of county commissioners at each term of court at which any allowance is made. All allowances made by the judges of such courts and by the board of county commissioners, to whom made, and for what purpose. *Provided, That the cost of printing thereof shall not exceed five cents for each allowance.*" (Italics, here and throughout opinion, ours.)

Section 184 of an act concerning taxation, approved March 6, 1891 (Acts 1891 p. 199, §10355 Burns 1908), provides that the auditor shall publish in a weekly newspaper a list of lands returned delinquent for taxes, and that *"the expense of such printing, when had, shall be paid out of the county treasury, and it shall not exceed twenty cents for each description."*

An act approved March 9, 1903 (Acts 1903 p. 360, §1347 Burns 1908), provides as follows: ''That in all cases wherein the auditors and treasurers of the several counties of this state are required by law to publish notices affecting county affairs in a public newspaper, said auditors and treasurers are hereby required to publish said notices as by the several statutes required and in two leading newspapers published in their respective counties, representing the two political parties casting the highest number of votes in such counties respectively at the last preceding general election, if there shall be such newspapers published in said county.''

Appellant contends that in the absence of an agreement relating to price, the act of 1899, *supra,* fixes the publisher's compensation at five cents per item of allowance, and the act of 1891, *supra,* under like conditions, fixes the compensation at twenty cents for each description of real estate returned delinquent for taxation, and that the act of 1903, *supra,* did not cut down this compensation, but permits each of the two publishers to recover the compensation theretofore permitted to the sole publisher.

Appellee contends that neither the act of 1891, nor that of 1899, fixes the compensation of the publisher, but, within the restrictions of the maximum limits prescribed, authorizes the recovery of prices agreed on, or, in the absence of agreement, the reasonable value, only, of the work done; that here, there was no price agreed on, and the finding, failing to disclose any value, the court did not err in its conclusions of law on the facts found.

In *Cheney* v. *State* (1905), 165 Ind. 121, 74 N. E. 892, it was held, in construing the act of 1903, that the maximum rate of five cents per line for a publication in one newspaper, fixed by the act of 1899, after the passage of the act of 1903, *supra,* applied alike to each of the publications in the two newspapers.

In *Board, etc.,* v. *Kemp* (1896), 14 Ind. App. 604, 43

N. E. 314, it was held, under a statute similar to §6015, *supra,* that while five cents for each allowance made by the commissioners is the maximum amount the printer may charge, there is no rule of law that requires the auditor to agree to pay that amount, if he can obtain it at a smaller price.

In *Wooster* v. *Mahaska County* (1904), 122 Iowa 300, 98 N. W. 103, it was held that where, as here, the statute fixes a maximum rate, and no rate was agreed on in advance, the printer would only be entitled to reasonable compensation, not exceeding the maximum limit.

It is the duty of officers to prevent the waste of public funds by extravagance, and if a county auditor can, by agreement, procure the publication of lists of allowances and delinquent tax notices for less than the maximum price fixed by statute, it is certainly his duty so to do. And in the absence of agreement, the printer is entitled to the reasonable value of his work, within the statutory limit, and no more.

It therefore follows that inasmuch as the findings are silent on the value of the publication of allowances and delinquent tax notices, the lower court did not err in its conclusion of law with reference thereto.

In any event, the acceptance by appellant of the amounts allowed him by the board, on his several claims, though the allowances were less than the amounts claimed, operated as a waiver of the right to insist on the payment of the balances rejected. *Davey* v. *Big Rapids* (1898), 85 Mich. 56, 48 N. W. 178; *Perry* v. *Cheboygan* (1884), 55 Mich. 250, 21 N. W. 333; *Callahan* v. *Mayor, etc.* (1875), 6 Daly 230; affirmed in *Callahan* v. *Mayor, etc.* (1876), 66 N. Y. 656; 28 Cyc. 1752.

The remaining question in the case is the county's liability for the road notice. No question is here involved in regard to the amount of compensation, for the statute

(§9604 Burns 1908 §6011 R. S. 1881) fixes the compensation at $1 per square for the first insertion, and fifty cents per square for the second.

Appellee claims that under the facts found, the county was not liable.

It is found by the court that the petition was filed and publication of notice was made, but that the road was not constructed. Why it was not constructed does not appear from the findings. The evidence is not in the record. The only error assigned by appellant is the court's conclusion on the facts found. Consequently, the facts specially found must affirmatively show a right of recovery in appellant, or the conclusion cannot be held erroneous.

Section 7715 Burns 1908, §66 Acts 1905 p. 521, provides that at the hearing of a road petition, like the one in question, the board, under certain conditions, shall dismiss the petition "at the cost of petitioners." Under such circumstances, there would be no liability on the part of the county, for the cost of publishing the notice. *Walker* v. *Board, etc.* (1898), 19 Ind. App. 668, 49 N. E. 1078.

It may be, that the reason the road was not constructed was because the petition was dismissed at petitioners' cost. In any event the facts found do not affirmatively show the county liable for the publication of the notice of the road petition.

The circuit court did not err in its conclusions of law. Judgment affirmed.

NOTE.—Reported in 98 N. E. 185. See, also, under (1) 29 Cyc. 702; (2) 11 Cyc. 599; (3) 37 Cyc. 140. As to the liability of a county on implied contract for publishing notices in newspapers, see 27 L. R. A. (N. S.) 1130. As to the effect of the allowance or rejection of claims against municipalities, see 55 Am. Dec. 203.