CORNELIUS CALLAHAN *against* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK.

(Decided December 6th, 1875.)

Where the claim of the plaintiff against the city of New York had been audited by the board of audit created by the act of 1872 (L. 1872, ch. 9), and allowed at a certain sum, which had been paid to the plaintiff and received by him, although under protest, and a receipt in full given by him : *Held*, that plaintiff was estopped from maintaining an action against the city for the balance. The municipal corporation of the city of New York, and its officers, agents, or servants, do not stand in the position of mere private creditors and debtors. Such a corporation is a creature of the law, for public purposes, as an intermediate agent between the people at large and private individuals, for effecting public objects. Its obligations as a private debtor, where they arise upon a *quantum meruit*, must relate to matters in which the corporation under its charter possesses private rights of ownership to property, in respect to which it is authorized to contract; and to recover for services rendered by its officers or servants, it must be shown that the claim is one recognized by law, and payable out of existing funds, or which may be raised by taxation. Per ROBINSON, J.

Callahan v. The Mayor, Aldermen and Commonalty of the City of New York.

APPEAL by defendant from a judgment of the general term of the Marine Court of the city of New York, affirming a judgment of that court entered on the decision of a judge of that court, after a trial before him without a jury. The facts are fully stated in the opinion.

*E. Delafield Smith*, for appellant.

*Wm. F. McNamara*, for respondent.

ROBINSON, J.—Plaintiff sued to recover his salary as assistant sergeant-at-arms of the board of aldermen, for four months (from September 1st, 1871, to January 1st, 1872), at the rate of $2,500 per annum (viz., $833 33), upon account of which he acknowledged a payment of $500, and recovered a judgment for the balance. He accepted that sum, viz., $500 (although as he says under protest) under and in pursuance of the action of the board of apportionment and audit created by chapter 9 of the Laws of 1872, and gave a receipt as in full. He was then, so far as appears, without remedy, except as it was obtainable under that act, or as such payment in subserviency to and in accordance with its terms was so made to him. So far as that board was concerned, various considerations may have influenced it in its judgment; to wit, that plaintiff's salary had not been properly fixed beyond the rate allowed; that he had not fully performed his services for the whole period of four months; or that no appropriation, beyond the sum allowed to be raised and paid in pursuance of that act, had been previously made as required by law for the payment of his salary. The position of the parties was not that of mere private creditors and debtors, but was one in which the plaintiff, while acting as a public servant, became entitled to payment therefor out of the public treasury, of such salary (a just compensation for his services) as the law had allowed to him, and the defendants, as also such public servants and agents, were, by some public statute, bound to pay the plaintiff from funds in their hands raised by taxation, or which they were so authorized to raise for that purpose. A municipal corporation is a creature of the law for public pur-

poses. It is a mere intermediate agent between the people at large and private individuals, for effecting public objects. It is, as are the people of the State, exempt from prosecution in such public capacity, except in the manner and for the purposes specifically provided by law. Its obligations possess few of the characteristics of those of a private debtor, and such as arise upon considerations of the *quantum meruit* must relate to the matters in which the corporation, by virtue of its charter, possesses private rights of ownership of property thereby conferred, and as to which it is authorized to contract in respect to them. Whatever consideration may be given to such private rights of the corporation, no one assuming to act in a public capacity as officer, servant, or agent, can claim judgment against the defendants as such public body, except under some act of the legislature expressly imposing upon it the duty of such payment out of funds already raised, or which it is authorized to raise by taxation. Divesting the subject under consideration of the character of a private debt, and regarding it (as is its character) only as one by law to be paid through taxation already raised, or by statute anticipated as such as may be raised and paid out of assets in contemplation of law held for that purpose, of which the corporation, as such public body, can be held directly answerable to the plaintiff, the present action cannot be maintained. As an officer of the corporation the plaintiff acted in no private capacity. He accepted the office with such provision as the laws made or might make for payment of his salary. His right of compensation for salary earned depended upon laws then existing, or thereafter to be made for its payment, and although the obligation of an existing contract could not be impaired by subsequent statute, the right of enforcement of any such obligation as against the State, or any of its agencies, to compel payment of any such public obligations (the State itself being exempt from suit by a private party), could only be by action against such public body, enforceable when it was possessed of funds provided by law for payment of the claim, or it was vested with power to raise by taxation the money immediately necessary for its payment, and such judgment was warranted in anticipation of the funds so to be raised for

payment of the claim. For such services as plaintiff performed the defendants are only responsible for or in respect to funds they were already possessed of, or were authorized to raise by taxation for its payment, while, in respect to current obligations of that character, it might probably be assumed, without plea or suggestion to the contrary (*omnia præsumuntur rite acta*), that the ostensible obligations of the corporation acting in such public capacity were binding upon it, the public creditor for services in office, must still show that his claim is one by law recognized and payable out of existing funds, or which may be raised by taxation and paid in anticipation by bonds, obligations, or moneys to be realized through means thereof. The absolute right of recovery for such public services only exists when such means have been realized for the immediate payment, or some provision of law exists by which an absolute judgment for their payment may be rendered anticipatory thereof, and they are authorized to be thereafter raised for that purpose. Plaintiff as such public creditor, without any means being then in the public treasury for payment of his claim, and under a statute specifically authorizing the determination of its amount and payment of the sum so found to be due him from bonds then specifically authorized to be issued by the comptroller for the sums so found due by the board of apportionment and audit, and with full knowledge of the action of that board upon his claim, accepted payment on its audit and allowance at the rate of $1,500 per annum, instead of $2,500 per annum, as now claimed by him, and accordingly gave a receipt thereof as in full of his claim. Having adopted the machinery of that statute to secure immediate payment of the amount thereby awarded as due and payable to him for his services under the provisions of that act, he is estopped from claiming any other sum than that so awarded him by that body (*Embury* v. *Connor*, 3 N. Y. 511). His protest, when accepting the award in his favor, that a further sum was due and claimed, was of no avail. He had his remedy by mandamus to enforce a more favorable judgment, if in law he was entitled to it, but he adopted no such proceeding, and is therefore concluded by the audit of his claim so made in his favor, which he then recognized, adopted

and accepted. For this reason I am of the opinion that he was not entitled to recover the balance of his salary as claimed at the rate of $2,500 per annum, and that the judgment therefor in his favor should be reversed.

CHARLES P. DALY, Ch. J., and LARREMORE, J., concurred.

Judgment reversed.