## Joseph N. Perry v. Village of Cheboygan.

*Cheboygan water commissioners—Salary—Voluntary services—Estoppel.*

1. The Village Incorporation Act, under which Cheboygan is incorporated, provides that officers, with certain exceptions, "shall receive such compensation as the council shall prescribe" (How. Stat. § 2825), and it specially authorizes the council to fix the compensation of sewer commissioners and of the fire department. It also authorizes the appointment of a board of water commissioners, but says nothing about paying them, nor does the ordinance creating the board. *Held,* that the water commissioners are not entitled to a salary, nor to payment for any services done in the line of their official duty.

2. A village officer cannot recover from the village for voluntary services outside the line of his duties, if rendered on his own responsibility in a case in which he alone would not have been competent to hire their performance.

3. One who applies for and receives a warrant upon the treasurer of a municipality for the amount allowed him for services, and thereunder accepts payment, is estopped from making farther claim for the same services or disputing the settlement so made.

Error to Cheboygan. (Ramsdell, J.)    Oct. 15.—Nov. 19.

ASSUMPSIT.    Defendant brings error.    Reversed.

*Geo. W. Bell* for appellant.    A municipal corporation is under
no implied obligation to pay its officers unless expressly pro-
vided by law, ordinance or contract : Dill. Mun. Cor. § 169 ;
*Baker v. Utica* 19 N. Y. 326 ; *Haswell v. Mayor* 81 N. Y.
255 ; *Wyandotte v. Drennan* 46 Mich. 481 ; an office created
by statute is wholly within the control of the Legislature,
which can alter its term, mode of appointment and compen-
sation : Cooley's Const. Lim. (4th ed.) 336 ; *State v. Kalb* 50
Wis. 182 ; offices are for the benefit of the public and not the
incumbent :    *Connor v. Mayor &c.* 5 N. Y. 295 ; services
that are incidental to a position that is unsalaried will not
support a claim for salary :    *Detroit v. Redfield* 19 Mich.
380 ;    *People v. Supervisors* 1 Hill 365–367 ;    *Wendell v.
Brooklyn* 29 Barb. 204.

*James J. Brown* for appellee.

CHAMPLIN, J.    This action was brought by plaintiff to
recover from defendant for services as member of the board
of water commissioners of the village of Cheboygan for one
year from August 1, 1882, and also for extra services outside
of duties as water commissioner.    The declaration was the
common counts in assumpsit.    A bill of particulars was filed,
showing items from May, 1880, to April, 1883, amounting to
$805.15.    This includes one item without date for " services
as member of the board of water commissioners of the vil-
lage of Cheboygan for one year, from August 1st, 1882, to
August 1st, 1883, inclusive—$500."    The plea was the gen-
eral issue, and notice that plaintiff had received fifty dollars
in full accord and satisfaction of all claims and demands.
Plaintiff recovered $166.25.

It was proved on the trial that plaintiff, on the 11th day of
July, 1882, was appointed a member of the board of water
commissioners of the village of Cheboygan by the common
council of the village ; that plaintiff is an engineer and
mechanic ; that immediately after his appointment he entered
upon the duties of his office ; that the water-works were near-
ing completion when he was appointed.    After his appoint-
ment and during the year they were completed, tested and

accepted.    The extra services charged for consisted of the
personal labor and superintendence by the plaintiff of work
at various times in connection with the constructing and
completing the water-works, a portion of which required
mechanical skill, and were worth in the aggregate from
$116.25 to $249.50 ; that when any mechanical work had to
be done, the plaintiff did it, or superintended the doing of it.

Plaintiff testified on cross-examination :

"I generally did the work at the request of the board of
water commissioners or yourself (meaning defendant's coun-
sel, who was also a member of the board) ; sometimes I did it
on my own responsibility, knowing it should be looked after.
I kept no account of my services at the time, and did not
intend to make any separate charge for my extra work, the
items of which are set forth and contained in the bill of par-
ticulars, expecting that the council would allow me a fair
compensation for my services, and the claim that I sent in to
the council included the extra work as well as the official
services ; and after the council refused to allow my account
I went to work and got it together the best way I could."

On the 3d day of July, 1883, plaintiff sent in a bill of $10
to the council, for services for one year as a member of the
board, which was allowed and paid.    The amount was a mis-
take.    Plaintiff intended to send in a bill for $100, and July
17, 1883, he sent in another bill for $90.    This was referred
to the committee on claims and accounts, who, in turn,
referred it to the board of water commissioners, and they
recommended its allowance ; but the council only allowed
it at fifty dollars, which amount was paid to the plaintiff.
Plaintiff testifies that there was no understanding or agree-
ment that he should take the fifty dollars by way of com-
promise, and he did not accept it in full settlement of his
claim against the village.

The defendant was incorporated under the General Law for
the incorporation of villages.    How. Stat. ch. 81.    The only
provision contained in this chapter relative to the compensa-
tion of village officers is in § 2825, which reads as follows:
" The president and trustees shall serve without compensa-
tion.    All other officers, except where other provision is made

herein, or by law regulating fees for services, shall receive such compensation as the council shall prescribe." The charter authorizes the village to construct and maintain water-works for supplying the village with water, and the council is authorized, by the passage of proper ordinances, to provide for the appointment of a board of water commissioners, consisting of three members, "to take the charge and management of such water-works in the manner and to the extent which shall be provided in the ordinances of the village."

The ordinance under which the board of water commissioners was appointed, and under the provisions of which the board acted and derived its authority, and under which the water-works for Cheboygan village were constructed, is numbered 26, and entitled "Relative to the appointment of commissioners of water-works and the duties of such commissioners;" the 1st, 8th and 11th sections of which provide and read as follows :

"Sec. 1. The village council shall appoint, within ten days after the adoption of this ordinance, three suitable persons water commissioners, who shall constitute and shall be known as the board of water commissioners of the village of Cheboygan.

Sec. 8. No commissioner shall be directly or indirectly interested in any contract relating to the work or the material thereof, nor in any work or materials for the work, nor for any portion of the water-works; nor shall any commissioner be surety on the bonds of any person contracting to do any work or furnish any materials connected in any way with said water-works.

Sec. 11. Said board shall certify to the amounts due upon all contracts and for all material furnished and performed in constructing or repairing said water-works ; and all bills and accounts thus certified for amounts so due shall be audited by the village council in the same manner as other bills and accounts against the village."

Special authority is conferred by the charter upon the council to appoint a board of sewer commissioners and to fix their compensation ; also to organize a fire department, and to fix the compensation of the officers, firemen and employees

of the department; but the charter nowhere gives the council authority to fix the compensation of the members of the board of water commissioners, nor does the charter make any provision for compensation to the members of such board, unless it is contained in § 2825, above quoted. The counsel for the plaintiff contends " that the Legislature did not intend the General Act" (§ 2825) " to apply to boards, is shown in the fact that in the appointment of all other boards a special provision is made for compensation of the members,"— as in the case of sewer commissioners and the fire department. If this is a proper case for the application of the maxim that the express mention of one thing is the exclusion of another, the position of the plaintiff's counsel is undoubtedly correct.

Upon an examination of the various provisions of the charter I am of opinion that the omission to provide compensation to members of the board of water commissioners was intentional, and it follows that the members accepting such office must be deemed to have done so with knowledge of and with reference to the provisions of the charter relating to the services which they were to perform, and that such services were to be rendered gratuitously.

The court erred, therefore, in refusing to charge the jury as requested by defendant in the second request, as follows: " The council are under no obligation to make compensation to any of the officers of the corporation unless the charter expressly provides that compensation shall be made, or that the officers are entitled to compensation." This disposes of the claim of plaintiff to compensation as a member of the board of water commissioners.

The extra services claimed, and for which a recovery was had, appear in many instances to have been performed in the line of duty as a member of the board, and for such the village was not liable. Those which were performed as a mechanic were proper charges against the village if not voluntarily rendered, or without authority or direction of the corporate authorities. With respect to this branch of plaintiff's claim the circuit judge rightly instructed the jury that " one cannot be his own judge of when, where and what services

are needed by a municipal corporation, and then perform such services of his own motion and make the corporation liable for them." The only authority for performing such extra services which the plaintiff produced is his own testimony, above quoted, that he generally did the work at the request of the board of water commissioners, or of a member of the board, and sometimes he did it on his own responsibility, knowing it should be looked after. No single member of the board would have authority to employ engineers or mechanics, and what he did upon his own responsibility would be without authority to bind the village.

The record before us does not contain the whole of the ordinance relative to the appointment of commissioners of water-works and the duties of such commissioners, and we are unable to determine what authority is vested in it by the ordinance, or what duties are prescribed therein to be performed by such commissioners. The charter devolves upon the council the duty of auditing and settling the accounts of the village officers, and so far as practicable of all persons having claims against the village; and the ordinance above cited requires all bills and accounts and all amounts due upon contracts to be certified by the board, and the accounts so certified are to be audited by the council in the same manner as other bills and accounts against the village. This was not done in this case in the ordinary way. The bill of plaintiff was first presented to the council, which plaintiff testifies included the extra work as well as the official services. This was referred to the board and they reported in favor of allowing it. Although the presentation of the claim in an aggregate sum and not in items, as should have been done, was in this manner approved by the board, we may consider the case as if the claim had been duly certified by the board to the council. The council audited the claim at fifty dollars. Now, if plaintiff was dissatisfied with this allowance, he should not have applied for and received the warrant on the treasurer and obtained payment thereof. He must be held to have acquiesced in the settlement thus made.

If the council had allowed and paid him more than he was

entitled to, they could not have recovered back the excess under a claim that they were ignorant of facts at the time it was allowed (*Advertiser & Tribune Co. v. Detroit* 43 Mich. 116); and there is no good reason why plaintiff is not estopped, by accepting payment of the amount allowed, from making a further claim for the same services passed upon by the council.

The judgment of the circuit court must be
Reversed and a new trial granted.

The other Justices concurred.