## JOSEPH DAVEY v. THE CITY OF BIG RAPIDS.

*Payment—Estoppel—Acceptance of order.*

A contractor who is present when his claim against a city is audited at a specified sum by the council, and the recorder ordered to draw an order for the amount so allowed *in full of the account*, and makes no objection, and receives the order and draws the money on it, must be held to have acquiesced in the action of the council and in the settlement of his account by them made.[1] *Perry v. Cheboygan*, 55 Mich. 250.

Error to Mecosta. (Palmer, J.) Argued February 6, 1891. Decided February 27, 1891.

*Assumpsit.* Plaintiff brings error. Affirmed. The facts are stated in the opinion.

---

[1] See *Robinson v. Railroad Co.*, 84 Mich. 658; *Fisher v. Holden*, Id. 494.

*Fuller & Jennings,* for appellant, contended as stated in the opinion, citing the authorities therein referred to, except the Cheboygan case.

*Dumon & Cogger,* for defendant.

MORSE, J.    The plaintiff brought suit in *assumpsit* upon a contract entered into with defendant to build the substructure of the "Upper. Bridge" (so called) across the Muskegon river.

The defendant pleaded the general issue, and gave notice that, after the signing of the contract, it was changed by mutual consent in this: That the plaintiff should build but one ice-breaker instead of two, and receive pay for building but one; that in pursuance of such agreement he built but one.   Also that, before this suit was commenced, and on March 4, 1889, the plaintiff presented to the common council of said city of Big Rapids his bill of account for all the materials furnished and labor done under said contract; that said council acted upon and audited said bill, and, after deducting $3,494.20, which had already been paid plaintiff upon said bill, found still remaining his due the sum of $394.17; that an order was drawn for this last amount, and delivered to the plaintiff, who accepted the same in full of his claim against said city.

It appears from the record that the plaintiff was not present when the council acted upon his bill.   But he was informed of their action, and called for his order, applying to the recorder, who was the officer whose duty it was to draw it.   For some reason not disclosed by the record he did not at the time procure his order.   At the next meeting of the council the plaintiff was present.   A resolution was then passed instructing the recorder to draw an order for $394.17 in payment of plaintiff's account.   The plaintiff did not object to this proceeding,

or protest in any way against the allowance of his account at this sum. On the following day he went to the recorder, obtained the order, indorsed it, and drew the money upon it.

The circuit judge directed a verdict for the defendant, holding that, in taking the order as he did, the plaintiff must be held to have acquiesced in the action of the council and the settlement of his account by them made, and that the case was ruled by *Perry v. Cheboygan*, 55 Mich. 250.

The plaintiff insists that the acceptance of this order was not a bar to his bringing suit for and collecting his just claim against the city, and relies upon the following cases: *People v. Auditors*, 41 Mich. 4; *Mortlock v. Williams*, 76 Id. 568; *Wilkinson v. Long Rapids Tp.*, 74 Id. 63; *Turnbull v. Boggs*, 78 Id. 158; *Tiffany v. Glasgow*, 82 Id. 266.

The last case plainly has no application to the case at bar. The first case seems to have been decided upon the point that the board of auditors of Wayne county, having fixed the salary of an officer by resolution, could not change such salary without further action spread upon the records of the board, and that the fact that the officer received less monthly than he was entitled to did not estop him from recovering his salary as fixed. In *Mortlock v. Williams* and *Turnbull v. Boggs, supra,* the acceptance of checks and notes for an amount less than was claimed by the plaintiffs was held not to be an estoppel as a matter of law to a recovery of the full amount claimed. In *Mortlock v. Williams*, the plaintiff took the check, which he received by letter, understanding that it was sent in full payment of his services; but he commenced suit the next day for the balance of his claim. It was held that the case should have been submitted to the jury whether, under the circumstances, he was

estopped from recovering any more than the amount of such check. In *Wilkinson v. Long Rapids Tp.*, 74 Mich. 63, Wilkinson sent his account to the township board, and they allowed him but $25, and sent him an order for that amount; the clerk writing him that this was all the township board said they owed him. He sent the order in to be cashed, and was offered $15 for it. It was held that there was nothing to show that he received it in full payment, and consequently he was not estopped from claiming and suing for the full amount due him.

These cases differ materially from the one at bar. After the common council had audited plaintiff's claim at $394.17, and ordered it paid, March 18, 1889, the plaintiff called upon the recorder for this amount, but for some reason did not get it. He then attended a meeting of the council April 8, 1889, and was present, and heard the resolution passed, and found no fault with it, but, on the contrary, went the next day, and received the order from the recorder without any protest at all. If he had demurred to the action of the council, and refused to take this sum in full of his account, it is not to be presumed that the recorder would have given him the order, or the council instructed the recorder to hand it to him. The common council evidently understood that he was receiving it in settlement of his account as it was voted. He did not commence this suit until December 5, 1889, eight months after he received this order, and there is no showing that he made any claim for further pay during this period.

In the three cases cited (*Mortlock v. Williams, Turnbull v. Boggs,* and *Wilkinson v. Long Rapids Tp.*) the drafts and order were sent to the plaintiffs by letter, and, although used by them, the circumstances of each case showed quite conclusively that they were not accepted in full payment, nor was any action taken, beyond the mere

using of the drafts and order, that would lead the parties sending them to believe that they were accepted in full payment.

This case, in its facts, is similar to and ruled, in our opinion, by *Perry v. Cheboygan*, 55 Mich. 250.

The judgment is affirmed, with costs.

CHAMPLIN, C. J., McGRATH and GRANT, JJ., concurred. LONG, J., did not sit.