## BOARD OF COMMISSIONERS OF THE COUNTY OF MORGAN v. CRONE.

[No. 5,666. Filed October 12, 1905.]

1. APPEAL AND ERROR.—*Briefs.*—*Appellate Court Rules.*—The enforcement of rule twenty-two of the Appellate Court is discretionary with the court. p. 284.

2. OFFICERS.—*Public.*—*Sheriffs' Fees.*—*Court Attendance.*—The allowances made to a sheriff for attendance at court are not fees such as are required to be turned over to the county, but Lelong to such sheriff. p. 288.

3. STATUTES.—*Counties.*—*Officers.* — *Settlements.* —.The statute (§7913 Burns 1901, §5811 R. S. 1881) was designed (1) to protect the counties by requiring officers to pay over all the money rightfully belonging to such counties, and (2) to protect officers on account of overpayments to the counties. p. 289.

4. PLEADING. — *Complaint.* — *Counties.*—*Officers.*—*Money Overpaid.*—*Recovery.*—A complaint showing that a sheriff paid over to the county treasury his per diem allowances for attendance at court through his "mistake and inadvertence" and that he had filed his claim for the return of same, which had been refused, states a cause of action, by virtue of the statute (§7913 Burns 1901, §5811 R. S. 1881). p. 289.

5. SAME. — *Insufficient Answer.* — *Defective Demurrer.* — It is harmless error to sustain a defective demurrer to an insufficient answer. p. 290.

From Morgan Circuit Court; *Joseph W. Williams,* Judge, *pro tem.*

Action by William R. Crone against the Board of Commissioners of the County of Morgan. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*R. C. Minton, Oscar Matthews* and *S. C. Kivett,* for appellant.

*Emmett F. Branch* and *George W. Grubbs,* for appellee.

WILEY, C. J.—The questions presented by this appeal arise upon rulings on demurrers to the pleadings. Appellee was plaintiff below, and his complaint as it comes to us is in two paragraphs, to each of which a demurrer for want

of facts was overruled. Appellant answered in two para-
graphs, the first of which was addressed to the first para-
graph of complaint, and the second to the second paragraph
thereof. A demurrer to each paragraph of the answer was
sustained. Appellant declined to plead further, and appel-
lee recovered judgment as prayed for in his complaint.

Appellant, by its counsel, asserts three propositions, and
seeks to uphold them by argument and authorities, to wit:
(1) That neither paragraph of complaint states facts suf-
ficient to constitute a cause of action; (2) that each para-
graph of answer is good as against a demurrer for want of
sufficient facts; and (3) that the demurrer to the answer
does not raise any question because of its insufficiency in
form.

As the same question is presented by the demurrer to
the complaint and also the demurrer to the answer, said
complaint and answer have been considered together by
counsel, and will be so here. The propositions above stated
will be considered in their order.

It is most earnestly contended by counsel for appellee
that appellant has so essentially failed to comply with the
requirements of rule twenty-two of this court that
it is not entitled to have the merits of the case de-
termined. The fifth clause of that rule requires
that appellant's brief shall contain "a concise statement of
so much of the record as fully presents every error and
exception relied on, referring to the pages and lines of
the transcript." But little, if any, attempt has been made
by counsel for appellant to comply with this requirement
in the preparation of their brief, and if we should strictly
enforce the rule, for which there is abundant authority
and precedent, the judgment would have to be affirmed on
the record, or the appeal dismissed. To pursue this course
in this case, as in all other cases where a like question is
presented, would relieve us of much research and labor, and
dispatch the business of the court; and, while we would

be fully justified in doing so, we are inclined in this case, on account of the brevity of the record, to waive a strict enforcement of the rule, and go to the merits of the controversy, to the end that the parties may have their respective rights determined.

In his first paragraph of complaint, appellee avers that he was elected sheriff of Morgan county in 1898; that he gave bond and entered upon the duties of his office; that he served as such sheriff until November 16, 1900; that as said sheriff it was his duty to attend the sessions of the Morgan Circuit Court daily, either in person or by deputy, and that he did attend said court during said term 271 days; that he was entitled to and was allowed by the judge thereof the sum of $2 per day for such services, aggregating in all $542; that said sum was allowed and paid to him by the treasurer of said county; that, as required by law, he filed with the auditor on the first Mondays of December, March, June and September of each year, reports of all moneys received by him as such sheriff from all sources, including in said reports the amounts so received for his services in attending the sessions of the circuit court; that the money received by him from all sources did not equal the salary provided by law, and that all sums received by him, including said per diem, did not equal the salary provided by law; that all sums of money received by him for his services as such sheriff, including said sum of $542, were by "mistake and inadvertence applied upon his salary and treated and adjudged by said defendant board of commissioners as belonging to said county, and were by said county applied to the extent of and upon the salary of plaintiff as such sheriff, as provided by law." It is then averred that said sum of $542, so allowed to him by the circuit court, and paid to him out of the treasury of said county, "did not belong to said county, was not fees of his office required to be paid into the county officers' fund, or to be received and credited upon his salary, as

allowed by law, but was compensation provided for and allowed to him in addition to his salary provided by law; that the same belonged to him and was his individual property." It is further averred that said sum was taken by appellant and expended in meeting the general expenses of the county. It is then averred that he filed his claim for said amount with the board of commissioners at its January term, 1904, and that said board refused to allow or pay the same or any part thereof. The second paragraph of the complaint is in all essential respects like the first, except as to the amounts claimed by appellee, and covers per diem allowances made to him for a second term.

The first paragraph of answer admits all of the material averments of the first paragraph of complaint, and concludes with the following averments: "That while acting as such sheriff, he [appellee] was allowed by the Morgan Circuit Court from time to time and received the sum of $542 as his per diem for his attendance in person and by deputy upon the sessions of said court, and that he did from time to time, upon demand of the board of commissioners of said county, turn over his said per diem to the treasurer of said county; that he paid said sum over to the treasurer voluntarily and without protest, believing at the time that he was required so to do by law, and that said sum of $542 with interest thereon, claimed by said plaintiff, is for his per diem allowance for his attendance upon said circuit court while in session, and for no other reason whatever." The second paragraph of answer is identical with the first, except that it is addressed to the second paragraph of complaint.

The whole contention of appellant rests upon the single proposition that the complaint shows that the money which appellee is seeking here to recover was paid over by him into the county fund voluntarily, without legal compulsion, with full knowledge of the facts, and that in such case there can be no recovery. The question is presented both

by the demurrer to the complaint, attacking its sufficiency for want of facts, and the demurrer to the answer. In the answer, as above indicated the allegation is "that he paid said sum over to the treasurer voluntarily and without protest, believing at the time that he was required so to do by law, and for no other reason whatever."

Appellant's first proposition, and upon which all others depend, is, in the language of counsel, as follows: "If an individual pays an illegal demand made against him, without legal compulsion, with the full knowledge of the facts, and without any fraud or imposition, he can not reclaim it." It is urged that the act or acts of appellee in paying money into the county treasury, which he was not required to do, was a mistake of law, and that there can be no relief therefrom. There is abundant authority to support these two abstract propositions of law, and counsel for appellee, in their brief, admit that this is the general rule, but urge that such rule has no application to the case in hand, for the reason that appellee is here seeking to avail himself of a statutory right, and that the old rule of the common law does not apply. It is earnestly contended by counsel for appellee that this case must be governed by the provisions of §7913 Burns 1901, §5811 R. S. 1881, Acts 1879, p. 108, §1. That section reads as follows: "No settlements made by the board of commissioners of the several counties of this State with any county, township or school officer shall be conclusive and binding on the State or county, where any such officer has failed, in any manner, to account for any and all moneys which he may have collected or received by virtue of his office, or has failed or omitted to perform any duty required of him by law; and every such officer and his sureties shall be held liable therefor, the same as if no such settlement had been made: Provided, that when it shall be made to appear, to the satisfaction of the board of commissioners of any county of this State, that, by reason of any erroneous charges on the

tax duplicate, or through inadvertence, mistake or any other cause, any one of the above-named officers has paid over to such county, or reported, settled or accounted for, more money to such commissioners than was justly or equitably due or owing from such officer, then, and in such case, such board is hereby authorized to order repayment, out of the proper funds, in their proper proportion, so overpaid by such officer, and credit to be given by the auditor therefor. And in case such money has not been then paid by such officer, such board is hereby authorized to remit and release so much of the same, in whatever form of indebtedness it may exist, as, in their judgment, is unjust, inequitable and wrong on account of having grown out of such mistake, inadvertence or overcharge, not, however, releasing such officer or his sureties from the payment of any money ever in fact received by him as such officer, and remaining unaccounted for," etc.

It is now settled in this State that allowances provided for by statute to a sheriff for his per diem attendance upon the sessions of the circuit, criminal or superior courts in his county are not to be regarded as fees collected by him under the fee and salary act now in force, and that such allowances become his individual property, and he is not required to account for them and pay them into the county treasury to be applied on his salary. *Comer* v. *Board, etc.* (1904), 32 Ind. App. 477; *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605; *State, ex rel.,* v. *Flynn* (1903), 161 Ind. 554. Under the pleadings in this case, it must be accepted as true that the appellee by "mistake and inadvertence" reported the several allowances made to him by the circuit court for attendance on the sessions thereof, and accounted for and paid them into the county treasury the same as other fees collected by him. It must also be taken as true that the county received such sums, applied the same on appellee's salary, or otherwise used them in defraying county expenses. Under the author-

ities cited, the amount of money allowed appellee by the circuit court for his per diem attendance thereon became his individually; the county had no interest whatever in it, and he was not required to account to the board of commissioners for the same, nor to pay it into the county treasury.

The statute under consideration was doubtless passed by the legislature to serve a double purpose: (1) To protect the interest of the county against the failure of any

3. officer named therein to account to the proper authorities "for any and all moneys which he may have collected or received by virtue of his office, or has failed or omitted to perform any duty required of him by law," and (2) to protect the rights of such officers in case they have through "inadvertence, mistake or any other cause　*　*　* paid over to such county, or reported, settled or accounted for, more money to such commissioners than was justly or equitably due," etc.

The money, which it is confessed appellee accounted for and paid into the county treasury, was not "justly or equitably due or owing from" him. In the case of

4. *Board, etc., v. Tichenor* (1891), 129 Ind. 562, the legal principle involved in this case was decided adversely to the contention of appellant. The appellee, who had been treasurer of Gibson county, brought an action against appellant to recover for money which he had paid into the county treasury "through mistake and inadvertence," alleging that certain money so paid in by him was his own individual money, and that the county was not entitled to it. The court in the decision cited the section of the statute to which we have referred and other sections, to wit, §§6510, 6511 R. S. 1881, the latter sections of which provide for the repayment to a county treasurer out of the county treasury any sum or sums of money which a county treasurer might improperly pay, and also make provision for refunding to such county treasurer from the state treasury any erroneous payments thus made, and in connec-

tion therewith said: "We think it was the intention of the legislature that the county should not profit by the mistakes of its officers, by which it received into its treasury money to which it was not entitled." It was held in that case that under the statute cited the appellee was entitled to recover the amount of money which he had erroneously paid into the county treasury. The proposition upon which appellant rests in this case, and which we have above stated, is not supported by the law and is contrary to all principles of equity. Our conclusion is that the complaint stated a cause of action and that the demurrer to it was properly overruled.

From what we have said, the facts set up in the answer are not sufficient to constitute a defense.

We are confronted, however, with the proposition on behalf of appellant that the demurrer to the answer was not sufficient in form to present any question. It is true 5. that the demurrer is not in the form prescribed by statute, but, under the authorities in this State, this fact can not affect appellant's rights.

In the case of Bell v. Hiner (1896), 16 Ind. App. 184, this court said: "Earlier cases held that it was reversible error to sustain a defective demurrer to an answer without reference to its sufficiency. Gordon v. Swift [1872], 39 Ind. 212; Dugdale v. Culbertson [1856], 7 Ind. 664. Later and better considered decisions, however, declare the law to be that although the demurrer be insufficient to test the pleading and might be overruled without error, yet if it is in fact sustained and the pleading is really bad, then no harmful error occurs. Wade v. Huber [1894], 10 Ind. App. 417; Foster v. Dailey [1892], 3 Ind. App. 530; Firestone v. Werner [1891], 1 Ind. App. 293; Board, etc., v. Gruver [1888], 115 Ind. 224; Palmer v. Hayes [1887], 112 Ind. 289; Hildebrand v. McCrum [1885], 101 Ind. 61."

In the case of *Blue* v. *Capital Nat. Bank* (1896), 145 Ind. 518, the Supreme Court had under consideration this same question, and it was there said: "If it shall be concluded that the pleas did not state a cause of action, the informality of the demurrer could not be asserted to uphold them."

As this demurrer was addressed to a bad answer, and conceding that it was informal and not in strict harmony with the statute, the action of the court in sustaining it could not possibly harm appellant. In any event it was not an error of which appellant can complain, for it was not injured by the ruling. *Chicago, etc., R. Co.* v. *Hunter* (1891), 128 Ind. 213.

This disposes of all the questions presented in argument, and, finding no error, the judgment is affirmed.