## BOARD OF COMMISSIONERS OF THE COUNTY OF DAVIESS v. FITZGERALD.

[No. 5,681. Filed November 27, 1906. Rehearing denied April 5, 1907.]

1. APPEAL.—*Same Question Twice Presented.*—Where the demurrer to the complaint and the exception to the conclusions of law present the same questions, they will be considered together. p. 25.

2. OFFICERS.—*Fees and Salaries.—Sheriffs.—Attendance at Court.*—Sheriffs are allowed their *per diem* attendance at sessions of the circuit, superior and commissioners' courts in addition to their regular salaries. p. 25.

3. SAME.—*Fees and Salaries.—Sheriffs.—Admittance and Discharge of Prisoners.*—Sheriffs are not entitled to an allowance for the admittance to jail and discharge of prisoners. p. 25.

4. PLEADING.—*Complaint.—Officers.—Fees and Salaries.—Sheriffs.*—A complaint by a sheriff for compensation for his *per diem* attendance at the various courts, and for the admittance and discharge of prisoners is good, since he is entitled to such *per diem.* p. 25.

From Daviess Circuit Court; *Hileary Q. Houghton,* Judge.

Action by Milton Fitzgerald against the Board of Commissioners of the County of Daviess. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*Heffernan & Mattingly,* for appellant.

*W. R. Gardiner, C. G. Gardiner* and *T. D. Slimp,* for appellee.

WILEY, P. J.—Appellee was elected sheriff of Daviess county and entered upon the duties of his office January 1, 1904.

This appeal involves two questions: (1) His right to retain, over and above his salary, the several amounts allowed and paid him for his per diem attendance upon the sessions of the circuit court; and (2) his right to retain, over and above his salary, certain fees, designated by statute, for receiving prisoners into, and discharging them from, the county jail.

The trial court made a special finding of facts, and stated its conclusions of law thereon. By its conclusions of law the court stated that appellee was entitled to recover his per diem allowance, but was not entitled to recover on the other branch of his case. Under the assignment of errors, the sufficiency of the complaint and the first conclusion of law are attacked. These may be considered together, for they present one and the same question.

Appellee has also assigned cross-errors upon the second conclusion of law, and the question thus presented may be considered with the others.

The right of appellant to retain, in excess of his salary, the amounts allowed him for his per diem attendance upon the sessions of the circuit and commissioners' courts has been affirmed by many decisions of the Supreme and Appellate Courts, the most recent case being that of *Board, etc.,* v. *Crone* (1905), 36 Ind. App. 283, and authorities cited. The same question in principle was involved and decided in *Board, etc.,* v. *Neely* (1905), 36 Ind. App. 706. This disposes of the first question.

As to the second, appellee's right, as sheriff, to have paid to him by the county twenty-five cents for receiving and discharging each prisoner committed to the county jail, and to retain the same in addition to his fixed salary, is settled adversely to him by the case of *Starr* v. *Board, etc.* (1907), *ante,* 7, and upon the authority of that case it must be held that appellee is not entitled to recover the fees provided by statute for receiving into, and discharging from, the jail persons committed to his care.

Each paragraph of the complaint must be held good, for they count on appellee's right to recover his per diem for his attendance upon the circuit and commissioners' court, which he covered into the treasury, as well as upon his right to recover the "in" and "out" fees, as keeper of the county jail.

We find no reversible error, and the judgment is affirmed.