## PARRISH *v.* BOARD OF COMMISSIONERS OF SHELBY COUNTY.

[No. 12,512.   Filed January 23, 1927.   Rehearing denied May 10, 1927.   Transfer denied May 6, 1929.]

*John E. Osborn,* for appellant.

*Hugh D. Wickens, Frank Hamilton, Charles Hack* and *George H. Meiks,* for appellee.

McMAHAN, C. J.—The questions involved in this appeal relate to the right of a person who has filed a claim against a county to maintain an action against the county for that part of his claim which was disallowed, after having accepted the amount which the commissioners had allowed. Demurrers were sustained to the second paragraph of appellant's complaint and to the second and third paragraphs of his reply, and judgment was rendered for appellee on the pleadings.

The first paragraph of complaint alleges, in substance, that James A. Parrish and the board of commissioners of Shelby county entered into a contract by which Parrish agreed to build a certain bridge according to plans and specifications for the sum of $1,700, plus $12 per cubic yard for all extra concrete used in the footings and piers; that thereafter, the commissioners determined that one of the abutments should be reconstructed by placing concrete around and beneath the base thereof, and directed the contractor so to do; that in accordance therewith the contractor completed the bridge and, in so doing, used 147 extra cubic yards of concrete around and beneath such abutment; that the contractor thereafter filed his claim for the extra concrete work in the sum of $1,617, which claim was disallowed and rejected by the board of commissioners, notwithstanding there was sufficient money in the hands of the treasurer of the county to pay said claim, and which had been appropriated therefor. After such disallowance, said contractor, for a consideration, assigned his said claim to appellant.

The second paragraph of complaint to which the demurrer was sustained was for work and labor done and material furnished at the special instance and request of appellee in the erection of the abutment mentioned in the first paragraph of complaint.

Appellee filed answer in three paragraphs, the first and second being in denial and payment. Both of these answers were later withdrawn. The third paragraph of answer admits the execution of the contract set out in the complaint, and alleges that in November, 1913, the contractor, James A. Parrish, filed his claim with the auditor for the sum of $2,701, that being the amount claimed by him as the balance due from the county on account of the contract for the construction of the bridge; that the commissioners later allowed $1,084 of the amount claimed, and disallowed $1,617 of said claim;

that a warrant on the treasurer in the sum of $1,084 was delivered to said contractor; that no appeal was taken from the action of the board in disallowing said sum of $1,617, but that the contractor accepted said warrant for $1,084, and cashed the same, and thereafter assigned disallowed portion to appellant. Appellant replied in three paragraphs; the first, a general denial, was later withdrawn. The second paragraph alleges that the claim filed by the contractor with the board of commissioners for $2,701 consisted of three separate and distinct items, as follows: First, to balance due contractor, on account of substructure of bridge, $700; second, for extra material re-inforcing footing on each abutment, thirty-two cubic yards concrete, $384; third, 147 cubic yards concrete, $1,617; that the commissioners allowed the first and second items and disallowed the third. It admits the contractor accepted and cashed the warrant for $1,084, but alleges there was no dispute or disagreement between the parties as to the first and second items which it is alleged were "liquidated items of indebtedness" based on and regulated by the contract; that no part of said $1,084 was allowed as a consideration for the disallowance of the $1,617; that the only dispute between the contractor and the commissioners was with reference to the item for $1,617; that the said three items constituted three separate and distinct claims. The third paragraph of reply is the same as the second, except it is there alleged that the board of commissioners did not contemplate or intend that the acceptance by appellant's assignor, James A. Parrish, of the two items allowed should estop or prevent him from controverting with the board his right to collect the $1,617, and that said James A. Parrish did not contemplate or know that the acceptance of the warrant for $1,084 would raise any question as to his right to recover the part disallowed

and that he was not advised by attorneys as to the effect of such acceptance.

Appellant contends that when a claimant files two liquidated claims against a county on one sheet of paper and as one claim, and the board considers each claim separately and allows in whole a part of one claim and disallows in whole the other, such action of the board as to each claim is wholly independent, and that the acceptance of the amount of the claim allowed does not prevent the claimant from prosecuting an action against the county for the amount of the claim disallowed, and does not amount to an accord and satisfaction, and that parol testimony may be heard to determine whether a payment and allowance by the board of commissioners was an accord and satisfaction.

No claim shall be allowed by the board of commissioners unless such claim, duly itemized and verified, shall have been filed in the auditor's office. §5964 Burns 1926, §6008 Burns 1914. The commissioners shall examine into the merits of all claims so presented, and may, in their discretion, allow any claim, in whole or in part, as they may find it to be just and owing. §5965 Burns 1926, §6005 Burns 1914. If a claim be disallowed in whole or in part, the claimant may appeal, or, at his option, bring an action against the county. §5975 Burns 1926, §6019 Burns 1914.

In *Western Construction Co.* v. *Board, etc.* (1912), 178 Ind. 684, 98 N. E. 347, the appellant filed a claim against the county. The claim was made up of four items, aggregating $8,788.58. The sum of $7,000 was allowed on the claim and paid. At a subsequent term of the board, the unpaid portion of the claim was rejected and suit commenced to recover the part rejected. The court on page 688, after calling attention to the statute which prohibits a party procuring a judgment from appealing after receiving any money paid or collected there-

on (§695 Burns 1926), said: "And if it be shown, on appeal to this court, that appellant has accepted any benefit based on the theory of the legality of the judgment appealed from, the appeal will be dismissed," and continuing, on page 689, said: "An allowance or disallowance of a claim, by a board of commissioners, is not a judgment within the ordinary meaning of that word. In such case, the board acts in an administrative capacity, as a board of audit. . . . In many respects, however, the action of the board is as binding on the claimant as is a judgment, and unless resort is had to one of the two statutory remedies above mentioned, the action of the board is conclusive against the claimant."

In *Adams* v. *Board, etc.* (1917), 66 Ind. App. 48, 117 N. E. 876, the court, in discussing the right of a party to bring an action on a claim where there had been an allowance of the claim in a sum which was in fact intended only as a partial payment, and where the parties, at the time of the allowance, entered into a supplemental agreement concerning the final completion of the work, and where the amount first allowed was a partial payment, in view of the uncompleted condition of the work, it was held that the allowance of the claim in part, and the acceptance of the amount so allowed, did not prevent the filing of a claim for the balance due when the work was subsequently completed. Referring to the rule as announced in *Western Construction Co.* v. *Board, etc., supra,* the court said: "Such rule, however, should not be extended in its application to cases where allowances are made as partial payments only, or used to defeat subsequent claims made under changed conditions which warrant the same, although arising out of contracts in which prior payments have been made. Such an application in the instant case would violate the evident spirit of the rule, and work an injustice not

warranted by the facts." See, also, *Etzold* v. *Board, etc.* (1924), 82 Ind. App. 655, 146 N. E. 842.

Appellant concedes the general rule to be as stated, but says that each of the three items in his claim was a liquidated claim against the county; that there was no dispute as to the first two items which he says were allowed in full; that the only item about which there was any dispute was the last item mentioned in the claim, which was for "147 cubic yards concrete $1,617," and which item was disallowed, and insists the general rule does not apply to the facts in the instant case, and that he has a right to show by parol evidence that there was no dispute as to the amount due on the first two items which aggregated the sum of $1,084, and that the board of commissioners allowed said two items in full and disallowed the third item.

Appellant's assignor chose to combine the three items in one claim. The claim so filed is set out in plaintiff's complaint, and is as follows:

"For balance due contractor substructure Morristown Bridge . . . . . . . . . .$ 700.00
"For extra material reinforcing footings on each abutment: 32 cu. yds. concrete . . . . . . . . . . . . . . . . . . . . . . .   384.00
"147 cu. yds. concrete. . . . . . . . . . . . . . . .   1,617.00
"Said extra is according to specifications and bid
                                                  _____
                                                  $2,701.00

It was allowed in the sum of $1,084 and "rejected $1,617."

Appellant has cited a number of decisions from other states in support of his contention that he has a right to prosecute this action for the amount of the claim disallowed. These authorities are not of controlling influence, as we are bound by the

rule heretofore announced by the Supreme Court of this state.

Judgment affirmed.

Thompson, J., not participating. Dausman, J., absent.